IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
SEP 0 7 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-CR-200___ |
| | ) | |
| JAMES P. SMITH, | ) | Title 18, United States Code, Sections |
| | ) | 1341, 1343 and 1956(a)(1)(B)(i). |
| Defendant. | ) | |

## INDICTMENT

### COUNT ONE
(Wire Fraud)

**THE GRAND JURY CHARGES:**

1. From about February of 2011, and continuing to about July of 2016, in Macon County, in the Central District of Illinois, and elsewhere,

**JAMES P. SMITH,**

defendant herein, knowingly devised a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

**Background**

2. At all times material to this indictment, the defendant resided in Macon County, Illinois, and represented that he was employed by or owned the Prairie State Insurance Agency located in Decatur, Illinois.

3. At all relevant times, the defendant acted as an independent agent selling insurance and related financial products to clients from insurance companies such as the Modern Woodman of America, Mass Mutual, and Pekin Insurance.

**Scheme to Defraud**

4. From at least February of 2011 through July of 2016, the defendant solicited clients to purchase insurance, including whole life insurance, and financial products, including annuities, promising relatively high minimum rates of return. As part of a scheme to defraud, the defendant falsely represented the minimum rate of return the annuities could obtain for his clients.

5. Moreover, instead of investing his clients' money in insurance, annuities, or other financial products, as promised, the defendant used the money for his own personal benefit. As part of the scheme to defraud, the defendant requested payments be made payable to "MSM, Inc.," which the defendant represented was the insurance company or the investment company for the annuity the clients were purchasing through the insurance company. In fact, as the defendant knew full well, MSM, Inc., was actually "Main Street Marathon," which was a gas station in Mt. Zion, Illinois, owned by the defendant. Rather than purchase an annuity, whole-life insurance policy, or other financial product, as represented, the defendant fraudulently used his clients' money to finance the gas station for the defendant's own personal benefit and without his clients' knowledge.

6. For example, the defendant deposited client payments into the bank account of JJ's Whoa & Go, doing business as Main Street Marathon, at Prairie State

Bank & Trust, rather than his insurance business account. He then used those payments to finance his business without his client's knowledge or permission. Additionally, the defendant used his clients' money to make payments on the mortgage on his personal residence without their knowledge or permission.

7. It was further part of the scheme that the defendant cancelled or cashed out his client's insurance policies, annuities, or other financial products without their knowledge or permission, and then used the cash value and/or future premiums or payments for his own personal benefit. As part of his scheme to defraud, the defendant created false documents claiming that these insurance policies, annuities, or financial products existed, when the defendant knew full well that they did not. As a further part of the scheme and to avoid its detection, the defendant had relevant notices, such as billing notices, payment reminders, and notices of lapse of insurance mailed to his personal residence or business address instead of his clients' residences.

8. As a further part of the defendant's scheme to defraud, the defendant gained the confidence of certain clients and handled their finances, including paying their bills, doing their income taxes, and acting as their power of attorney. During that time, and as part of the scheme, the defendant falsely pretended and represented to his clients and to others that he was acting on his clients' behalf and in their best interest as their fiduciary.

9. In fact, during that time, the defendant often did not act in his clients' best interest. Instead, he used his ability to access their accounts and funds for his own personal benefit. For example, the defendant fraudulently used his clients' funds to pay

his own personal attorney's fees, his own personal bankruptcy fees, and as purported annuity payments to other clients to prevent them from discovering that he had not actually purchased their annuities as promised.

10. As a result of the defendant's scheme to defraud and fraudulent representations, the defendant exposed his clients to a potential loss of over $250,000 of which they were unaware.

**Execution of the Scheme**

11. On or about September 28, 2011, in Macon County, in the Central District of Illinois, and elsewhere,

**JAMES P. SMITH**,

defendant herein, for the purpose of executing and attempting to execute the above-described scheme knowingly did cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, and pictures, that is, the wire transfer of $5,000 from JJ's Whoa & Go account at Prairie State Bank & Trust in Mt. Zion, Illinois to SNC JJ Holding LLC at Midland States Bank in Effingham, Illinois, which wire transfer was processed through Federal Reserve Banks located outside the State of Illinois.

In violation of Title 18, United States Code, Sections 1343.

## COUNT TWO
## (Mail Fraud)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

**Execution of the Scheme**

2. On or about May 2, 2013, in Macon County, in the Central District of Illinois, and elsewhere,

**JAMES P. SMITH,**

defendant herein, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon, a billing notice for Pekin Insurance policy 3624360, which notice was sent in the United States Mail from Pekin Life Insurance, addressed to V.J. at the defendant's personal residence in Decatur, Illinois, delivered by the United States Postal Service, and received by the defendant.

All in violation of Title 18, United States Code, Section 1341.

## COUNT THREE
## (Mail Fraud)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

### Execution of the Scheme

2. On or about June 25, 2015, in Macon County and Peoria County, in the Central District of Illinois, and elsewhere,

**JAMES P. SMITH,**

defendant herein, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly cause to be delivered by mail according to the direction thereon, an official check from Busey Bank in the amount of $157.93, which check was sent in the United States Mail from the defendant, addressed to D.H. in Washington, Illinois, delivered by the United States Postal Service, and received by D.H.

All in violation of Title 18, United States Code, Section 1341.

### COUNT FOUR
### (Money Laundering)

**THE GRAND JURY CHARGES:**

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 11 of Count One of this Indictment as though fully set forth herein.

2. As part of his wire and mail fraud scheme, the defendant received approximately $21,403 from D.H. to purchase an annuity for D.H. Without D.H.'s knowledge or permission, the defendant fraudulently used D.H.'s money to make a payment towards the defendant's mortgage with Busey Bank on the defendant's personal residence and did not purchase an annuity for D.H..

3. To lull D.H. into a false sense of security and to prevent D.H. from detecting his scheme to defraud, the defendant made various "annuity payments" to

D.H. between June of 2015 and May of 2016. To make those payments, the defendant at times used moneys he fraudulently obtained from other clients. To further avoid detection by D.H., the defendant needed to conceal and disguise that the payments were actually coming from his other clients' funds.

4. On or about June 17, 2015, in Macon County, in the Central District of Illinois, and elsewhere,

**JAMES P. SMITH,**

defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, namely, the purchase of an official check from Busey Bank in the amount of $157.93, which involved the proceeds of a specific unlawful activity, that is wire fraud and mail fraud as set forth in Counts 1, 2, and 3 of this Indictment, with the intent to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the wire and mail fraud scheme and knowing that the property involved in the financial transaction represented the proceeds of the wire and mail fraud scheme.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

A TRUE BILL.

s/Foreperson

FOREPERSON

s/Eugene Miller

JAMES A. LEWIS
United States Attorney

ELM